UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



JEREMIAH DAVIS,

        Petitioner,

v.
                                      Civil No.: 4:13cv174
                                   Criminal No.: 4:12cr47

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Jeremiah Davis's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion advances two claims: (1) the sentence imposed by the Court is excessive; and (2) defense counsel provided ineffective assistance. The Government opposes Petitioner's motion, contending that his sentencing challenge is procedurally defaulted and that all of Petitioner's claims fail on the merits. Having considered the briefs and record, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to the relief he seeks. See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a). For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED** and **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In early 2012, state and federal law enforcement agencies received information indicating that Petitioner, and others, were distributing heroin in the Eastern District of Virginia. After authorities arranged for a confidential informant to make "controlled purchases" of heroin from Petitioner at his residence, a search warrant was obtained for such residence. On July 25, 2012, while executing the search warrant, law enforcement agents encountered Petitioner and recovered a quantity of heroin as well as a firearm. Petitioner waived his Miranda rights and admitted to his involvement in distributing heroin.

On August 15, 2012, a federal grand jury returned a multi-count indictment charging Petitioner with a heroin distribution conspiracy, (Count One), possessing heroin with the intent to distribute (Counts Eleven through Thirteen), and possession of a firearm in furtherance of a drug trafficking crime (Count Fourteen). On October 9, 2012, Petitioner pled guilty, pursuant to a written plea agreement, to the drug trafficking conspiracy charged in Count One.

In advance of his sentencing hearing, Petitioner's Presentence Investigative Report ("PSR") was prepared, and his Guideline "offense level" was calculated as follows: a base offense level of 36 due to the drug weights involved; a two

2

level increase for possession of a firearm; and a three level decrease for acceptance of responsibility. Petitioner's resulting Guideline range was 292-365 months of imprisonment. Notwithstanding defense counsel's argument for a sentence below the advisory Guideline range, Petitioner was sentenced by the undersigned judge to 292 months, the lowest sentence within the Guideline range.

Subsequent to sentencing, Petitioner did not file a direct appeal of his conviction or sentence. He did, however, timely file the instant § 2255 motion. The Government filed a brief in opposition to such motion and Petitioner's time for filing a reply brief has long since expired. The instant motion is therefore ripe for review.

II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for

3

relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981). Accordingly, a § 2255 "collateral challenge may not do service for an appeal." Id. at 165.

The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists because, once a Petitioner's opportunity to pursue a direct appeal has been

waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." Frady, 456 U.S. at 170. Alternatively, a petitioner may overcome the procedural default bar in limited circumstances by demonstrating that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. Mikalajunas, 186 F.3d at 493-94.

A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06, (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a petitioner "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). To obtain relief based on an

6

allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice.  Id. at 687-88.  "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of the Strickland test.  United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the Petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong of the test. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### III. DISCUSSION

Petitioner's § 2255 motion advances a challenge to his sentence and a challenge to the effectiveness of his lawyer's representation. For the reasons discussed below, Petitioner's first claim is dismissed as procedurally defaulted, and is alternatively denied on the merits. Petitioner's second claim is denied on the merits.

## A. Improper Sentence

Petitioner first argues that the Court abused its discretion by imposing an enhanced sentence based on a two-level increase in his Guideline offense level. However, Petitioner did not previously raise such challenge at sentencing, nor did he file a direct appeal, presumably due to the appeal waiver contained in his written plea agreement. See United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (noting that "a defendant who signs a general waiver of the right to appeal his sentence waives the right to appellate review of his sentence on the ground that it 'rest[s] on an improper application of the guidelines'" (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)) (alteration in original). Petitioner's claim collaterally attacking his sentence is therefore procedurally defaulted.

Although a convicted defendant's procedural default may be overcome by demonstrating both "cause" for not previously raising a claim and resulting prejudice, here, Petitioner fails to demonstrate either. Mikalajunas, 186 F.3d at 492-93. Petitioner likewise fails to demonstrate that a "miscarriage of justice would result from the refusal of the court to entertain" his collateral attack. Id. at 494. Accordingly, Petitioner's sentencing challenge is **DISMISSED** as procedurally defaulted.

Alternatively, even if this Court were to reach the merits of Petitioner's procedurally defaulted claim, such claim would be rejected. The sentencing Guidelines impose a two-level increase to a defendant's "offense level" when a dangerous weapon is possessed during the commission of a drug trafficking offense. U.S.S.G. § 2D1.1(b)(1). The Guidelines separately provide that this two-level increase is not to be applied when a defendant is convicted of a firearm offense under 18 U.S.C. § 924(c) because such a conviction sufficiently punishes the conduct involving the firearm through the imposition of a mandatory minimum consecutive sentence of five years imprisonment. U.S.S.G. § 2K2.4 App. n.4.

Here, there was a firearm present with drugs when Petitioner's residence was searched, and Petitioner's § 2255 motion fails to demonstrate that he did not "possess" the firearm in conjunction with his admitted drug trafficking offense. Cf. U.S.S.G. § 2D1.1 App. n.11 ("The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.") (emphasis added). Moreover, while Petitioner was charged in Count Fourteen with violating 18 U.S.C. § 924(c), Petitioner ultimately entered a guilty plea only as to Count

10

One, the drug conspiracy count, and the remaining charges against him were dismissed on the Government's motion at sentencing. Accordingly, the record clearly demonstrates that Petitioner's Guideline calculation was properly enhanced by two-levels based on the facts in the PSR indicating that Petitioner possessed a firearm during the course of his drug trafficking crime. Petitioner's first claim for relief is therefore alternatively **DENIED** on the merits.

## B. Ineffective Assistance of Counsel

Petitioner next claims that his court-appointed lawyer provided constitutionally ineffective representation. Petitioner appears to argue that his lawyer was ineffective for failing to follow Petitioner's direction to challenge the two-level firearm enhancement and for other miscellaneous deficiencies. Although ineffective assistance claims are procedurally proper in a § 2255 motion, Petitioner's claims fail on the merits.

### 1. Strategy

While Petitioner's § 2255 motion lacks specificity, Petitioner does directly challenge counsel's strategic decision not to object at sentencing to the two-level firearm enhancement. However, it is a well-established maxim that, in a criminal case, defense counsel has the authority to manage many aspects of the defense without prior consent of the defendant,

11

to include motions practice and decisions regarding strategy and tactics.  United States v. Chapman, 593 F.3d 365, 367-68 (4th Cir. 2010); see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (indicating that defense counsel has no duty to file meritless motions at Petitioner's request).  As recently explained by the Fourth Circuit:

> Attorneys can be selective and strategic without risking an ineffective assistance of counsel claim. We have consistently made clear that we do not penalize attorneys for failing to bring novel or long-shot contentions.  Attorneys exist to exercise professional judgment, which often involves setting priorities.  Indeed, it can be positively detrimental to a client's chances not to set priorities but rather to scattershot the case by raising every [possible] objection . . . .

United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014) (internal citations omitted) (emphasis added).

Here, Petitioner fails to satisfy the first prong of the Strickland ineffective assistance test because he fails to demonstrate that his lawyer committed any error, let alone demonstrate that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the Petitioner by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Moreover, even if counsel was deficient for failing to file an objection at sentencing, Petitioner fails to satisfy Strickland's prejudice prong.  To demonstrate prejudice, a petitioner has the burden of establishing "a reasonable

12

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. As discussed herein, based on the facts in the PSR documenting the search of Petitioner's residence and the recovery of drugs and a firearm, an objection to the firearm enhancement appears to have had little, if any, chance of success. Because Petitioner has failed, even on collateral attack, to demonstrate that the firearm enhancement was improperly applied at sentencing, he fails to satisfy either prong of the Strickland standard.

## 2. Miscellaneous Deficiencies

Petitioner similarly fails to demonstrate constitutionally deficient performance, or resulting prejudice, based on his undeveloped claims that he did not understand his case, that he and defense counsel were "not on the same page," and that he desired to fire his defense counsel. "Such vague and conclusory assertions of error . . . fail to demonstrate that counsel provided constitutionally deficient performance as they fail to illuminate a meritorious [claim]." White v. United States, No. 4:11cr11, 2014 WL2002249, at *11 (E.D. Va. May 12, 2014); cf. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the

District Court.") (internal quotation marks and citation omitted).

Moreover, based on the record of this case, supplemented by the Court's recollection of Petitioner's sworn statements at his sentencing hearing, the Court affords no weight to Petitioner's after-the-fact contention that he did not understand the proceedings. Specifically, during Petitioner's sentencing hearing, he indicated, under oath and on the record, that he had reviewed and understood the PSR, that he had enough time to discuss it with his lawyer, and that while there were some factual misstatements in the PSR, he was opting not to pursue them because they did not impact the Guideline range. Additionally, Petitioner had previously indicated during the process of pleading guilty that he consulted with defense counsel about his case and his plea, and that he understood his rights and the relevant Guideline sections. ECF No. 114, at 11; ECF No. 117, at 1. As such, Petitioner's prior sworn declarations "carry a strong presumption of verity" and Petitioner's contradictory § 2255 allegations are deemed "palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (internal quotations and citations omitted).

Separately, even if the Court assumes that defense counsel was deficient for failing to fully educate Petitioner about some

aspects of the case, Petitioner fails to demonstrate that he suffered any prejudice from such lack of knowledge.

Accordingly, for the reasons set forth above, each of Petitioner's ineffective assistance claims is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion, ECF No. 232, is **DISMISSED** to the extent that Petitioner raises a new, and procedurally defaulted, challenge to his sentence. Moreover, after considering the merits of all of Petitioner's claims, including his sentencing challenge, Petitioner's § 2255 motion is **DENIED in its entirety** on the merits.

Finding that the procedural basis for dismissal of Petitioner's sentencing claim is not debatable on this record, and finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," as to any of his claims, a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**.  28 U.S.C. § 2253(c)(2); see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a).  If Petitioner intends to seek a certificate of appealability from

the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 11 , 2015

16